UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC WADE, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ONEPLUS USA CORP.,<br><br>Defendant. | Case No. 21-cv-05811-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 37] |

In this putative class action, Plaintiffs sue Defendant OnePlus USA Corp. ("OnePlus") for unfair competition, false advertising, fraud, and related federal and state law claims arising from the design, marketing, and sale of the OnePlus 9 and OnePlus 9 Pro smartphones. On August 11, 2022, the Court heard oral argument on OnePlus's motion to dismiss the first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court issued its ruling on the record, which is memorialized herein. For the reasons stated on the record and summarized below, the motion is GRANTED WITH LEAVE TO AMEND.

The FAC is DISMISSED for lack of Article III standing, because it does not sufficiently allege that the named Plaintiffs suffered injury in fact. *See McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 710 (9th Cir. 2020) (affirming dismissal of putative consumer class action for lack of Article III standing where named plaintiff did not sufficiently allege injury in fact). While Plaintiffs allege that the smartphones at issue "contain a 'Secret Setting' that restricts—or 'throttles'— access to the Devices' processing power and other resources," FAC ¶ 1, they do not allege that they personally experienced reduced power or performance when using their smartphones. This case is factually distinguishable from *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1162 (N.D. Cal. 2019), in which the district court found that the named plaintiffs had

established Article III standing to assert a throttling claim even though the operative pleading did not allege facts regarding each named plaintiff's experience, because the pleading adequately alleged that the iOS updates "affected all Plaintiffs alike."  In the present case, the throttling is alleged to affect only certain applications and functions, and therefore it is not clear that each named Plaintiff was affected alike.  When they amend to cure this defect, Plaintiffs also may amend their nationwide class allegations as they requested leave to do in their opposition.

The Court finds unpersuasive OneNote's argument that Plaintiffs also lack Article III standing because they did not comply with a condition precedent to suit contained in § 8.2 of the applicable End User License Agreement ("EULA").  The cases cited by OneNote, addressing agreements that clearly required mediation prior to commencement of litigation, are factually distinguishable from the present case, in which the EULA requires only that the parties engage in "friendly negotiation" and does not clearly state that such negotiation is a condition precedent to litigation.  The Court observes that the parties have participated in an unsuccessful mediation, which in the Court's view would satisfy the asserted condition precedent with respect to the as-yet unfiled second amended complaint.

The FAC also is DISMISSED for failure to state a claim.  With respect to the claims brought under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and the California Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, Plaintiffs appear to allege both that the secret setting was installed on the smartphones at the factory before sale *and* that it was implemented by the push of an update after sale.  If Plaintiffs' theory is that the secret setting was factory-installed, they cannot plausibly allege that installation was "without authorization" as required to sue under certain provisions of the CFAA and CDAFA.  If Plaintiffs' theory is that the secret setting was implemented after sale, they have not alleged enough facts to make out a plausible claim.  If Plaintiffs intend to proceed on both theories, they must clarify which alleged conduct supports each claim asserted under the CFAA and CDAFA.  Finally, Plaintiffs have not adequately alleged that they suffered losses meeting the $5,000 threshold under the CFAA, or that they suffered damage or loss as required under the CDAFA.

The lack of clarity regarding Plaintiffs' theory also affects their claim for trespass to

chattels, as least one district court has held that a trespass claim cannot lie where the interference occurred prior to sale. *See Kandel v. Brother Int'l Corp.*, No. CV 08-1040 DSF RCX, 2009 WL 9100406, at *1 (C.D. Cal. Feb. 13, 2009). The failure to allege injury also renders the claim for trespass to chattels subject to dismissal. *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 124 (N.D. Cal. 2020).

The fraud claims do not satisfy Federal Rule of Civil Procedure 9(b), and Plaintiffs have failed to allege an actionable omission. It may be that Plaintiffs' fraud claims will become clearer once their pleading identifies when the secret setting was installed on Plaintiffs' smartphones.

The claim for money had and received is dismissed for failure to plead a sum certain. *See Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1047 (N.D. Cal. 2010).

Plaintiffs have not adequately alleged that they suffered a loss of money or property as required for statutory standing to sue under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500. *See* Cal. Bus. & Prof. Code §§ 17204, 17535. The Court notes that in order to prevail on any of their claims for equitable relief, including their UCL, FAL, and unjust enrichment claims, Plaintiffs will have to prove that they lack an adequate legal remedy. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). District courts within the Ninth Circuit are split as to how strictly to apply *Sonner* at the pleading stage. *See Jeong v. Nexo Fin. LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) (collecting cases). It is this Court's view that Plaintiffs may assert equitable claims in the alternative to legal claims at the pleading stage. *See id.* When they amend, Plaintiffs should clarify that their equitable claims are pled in the alternative to their legal claims.

Accordingly, OnePlus's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND. Any amended complaint shall be filed by October 3, 2022. Plaintiffs may not add new claims or parties without express leave of the Court.

**IT IS SO ORDERED.**

Dated: August 17, 2022

_____
BETH LABSON FREEMAN
United States District Judge